UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13-cr-00330 KJM |
| Plaintiff, | |
| v. | ORDER |
| JOHN JAMES KASH, | |
| Defendant. | |

On June 29, 2015, the defendant filed a Motion for Bill of Particulars[1]. ECF No. 186. Defendant subsequently withdrew several of his requests, leaving only four items for the court's consideration. The matter was referred to the undersigned pursuant to Local Rule 302(b)(1). The court heard argument on the defendant's motion on July 8, 2015, and has considered the government's opposition filed on July 10, 2015. For the reasons set forth below, the motion for a bill of particulars is denied.

I.   Legal Standards Regarding the Ordering of a Bill of Particulars

In determining whether a bill of particulars is warranted under the Federal Rules of Criminal Procedure, Rule 7(f), the Ninth Circuit has stated, "A bill of particulars has three purposes:  to

---

[1] The motion was filed by defendant's then-attorney, Mark Reichel, "over defense counsel's objection." Id. Since that time, Mr. Reichel has been relieved as counsel, and the defendant has been allowed to represent himself. ECF Nos. 192, 194.

1

apprise the defendant of the specific charges being presented so as to minimize surprise at trial, to aid the defendant in preparing for trial, and to protect against double jeopardy." United States v. Burt, 765 F.2d 1364, 1367 (9th Cir. 1985); see also, United States v. Long, 706, F.2d 1044, 1054 (9th Cir. 1983); United States v. Ayers, 924 F.2d 1468, 1483-84 (9th Cir. 1991). "The decision whether to grant a request for a bill of particulars is directed to the trial court's discretion." United States v. Long, supra, 706 F.2d at 1054, and cases cited therein.

A bill of particulars is not to be used as a discovery device, with a defendant interrogating the government as to the precise details of every alleged act – all the who, what, and where of every allegation. United States v. Giese, 597 F.2d 1170, 1181 (9th Cir. 1979). The precise rules of criminal discovery would be unnecessary if a bill of particulars were meant to serve the same purpose. "Acquisition of evidentiary detail is not the function of the bill of particulars." Hemphill v. United States, 392 F.2d 45, 49 (8th Cir. 1968).

In determining whether a bill of particulars is required, the court must examine the other material provided to defendant. Giese, 597 F.2d at 1180. Discovery materials are one essential component necessary to provide defendants with the information needed to prepare their case. See United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984); United States v. Long, 706 F.2d at 1054 ("Full discovery will obviate the need for a bill of particulars."); United States v. Buckner, 610 F.2d 570, 574 (9th Cir. 1979).

II.     Analysis

The defendant requests four items, each of which will be addressed below.

A.  Item No. 4

Item number 4 requests that the government identify "the physical geographic locations of the alleged offenses involving Defendant listed in the indictment." ECF No. 186-1. As the court has already explained to the defendant, the Indictment in this case sets out the locations relating to each count.[2] Further, the government has represented that defendant has been

---

[2] Count one: "in Shasta County, State and Eastern District of California and elsewhere." ECF No. 7. Count two: "in the City of Redding, County of Shasta, State and Eastern District of California." Id. Count five: "in the State and Eastern District of California." Id. Count six: "in the State and Eastern District of California." Id.

provided with over 12,000 pages of discovery, including "police reports, numerous financial records, photographs, and audio recordings." ECF No. 195 at 2. Thus the information provided to the defendant thus far is sufficient to apprise him of the charges against him, minimize the danger of surprise at trial, aid in his preparation, and protect against double jeopardy. No bill of particulars is warranted.

B. Item No. 5[3]

Item No. 5 asks, "Are Acts of Congress (as that term is defined in FRCrP 54(c)) enforceable in the geographical locations identified in response to the preceding question [ ]?" ECF No. 186-1. The court sought clarification of this item from the defendant during the hearing on July 8, 2015, and it appears that the defendant is asking whether the federal violations alleged in the indictment apply to the Eastern District of California. As the government points out, "the indictment alleges violations of federal statutes that were duly enacted by Congress, which are enforceable within this district by the United States Attorney's Office" pursuant to 28 U.S.C. § 547(1). ECF No. 195 at 3. No bill of particulars is warranted.

C. Item No. 6

Item No. 6 states, "In the event the preceding question is answered in the affirmative and Acts of Congress may be so enforced, produce the injunction enjoining Defendant from violation of 21 U.S.C. §§ 841, 846 as required by 21 U.S.C. § 882(a)." ECF No. 186-1. Again, the court sought clarification regarding this item from the defendant at the hearing on July 8, 2015. It appears that defendant believes that unless the government first sought to enjoin his illegal conduct, it cannot now prosecute him criminally. The defendant is mistaken.[4] Although district

---

[3] Items 5, 6, and 7 are not really requests for a bill of particulars; each asks that the government provide the defendant with legal research or discovery, not with additional specificity regarding the charges against him. Nonetheless, the court will address the items in turn.

[4] The discussions with the defendant on July 8 occurred after the court conducted a lengthy Faretta colloquy (see, Faretta v. California, 422 U.S. 806 (1975)), and permitted the defendant to represent himself. As the court discussed with the defendant in connection with his request for the bill of particulars, however, defendant's clear misunderstanding of the law regarding his criminal prosecution cause the court concern regarding defendant's insistence in representing himself. While the defendant has a constitutional right to represent himself, and has knowingly and voluntarily waived his right to counsel, the court continues to urge the defendant to

courts are vested with jurisdiction to enjoin violations of the Controlled Substances Act, the government is not required "to seek such an injunction before initiating prosecution." United States v. Oakland Cannabis Buyers' Coop., 532 U.S. 483, 496 (2001) ("a grant of jurisdiction to issue [equitable relief] hardly suggests an absolute duty to do so under any and all circumstances." Hecht Co. v. Bowles, 321 U.S. 321, 329 (1944)).  No bill of particulars is warranted.

      D.   Item No. 7

In Item No. 7 defendant states, "In the event evidence of a civil proceeding enjoining Defendant for violations of Title 21 as requested in the preceding question [ ] is produced, provide a copy of the written notice served on Defendant giving Defendant an opportunity to present his views either orally or in writing of the contemplated referral of Defendant to the U.S. Attorney for criminal prosecution, as required by 21 U.S.C. § 883."  Again, this request is premised on an incorrect belief that the government was required to issue an injunction before prosecuting the defendant.  No bill of particulars is warranted.

      III.   Conclusion

For the foregoing reasons, the defendant's motion for a bill of particulars (ECF N0. 186) is denied.

Dated: July 10, 2015

                                          /s/ Carolyn K. Delaney
                                          CAROLYN K. DELANEY
                                          UNITED STATES MAGISTRATE JUDGE

---

reconsider and allow the court to appoint counsel to represent him.