UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>       v.<br><br>JOHN JAMES KASH,<br><br>    Defendant. | No.  2:13-CR-00330-KJM-3<br><br><br>ORDER |

Defendant John James Kash ("defendant" or "Kash") has moved to suppress physical evidence seized on May 2, 2012 following a traffic stop. Kash also requests an evidentiary hearing. ECF No. 234. The United States opposes the motion. ECF No. 242. The court held a hearing on the matter on October 28, 2015, at which defendant appeared pro se with standby defense counsel Gregory Foster; Christiaan Highsmith and Justin Lee appeared for the United States. At hearing, the court submitted defendant's motion and directed the United States to lodge a copy of the dashboard camera video footage from the May 2, 2012 traffic stop. *See* ECF No. 261. The court has carefully reviewed the record and is prepared to allow a short evidentiary hearing at 9:00 a.m. on November 9, 2015, before commencing with other trial proceedings.

1

The decision whether to grant or deny a request for an evidentiary hearing lies in the reasoned discretion of the court. *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986). An evidentiary hearing on a motion to suppress is ordinarily required "if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of a search are in issue." *Id.*

Here, Kash contends, among other arguments, that the initial traffic stop was an unlawful seizure under the Fourth Amendment. ECF Nos. 234, 249. Because a traffic stop implicates the Fourth Amendment, it must be based on a reasonable suspicion that the vehicle's occupants have broken the law. *United States v. Lopez-Soto*, 205 F.3d 1101, 1104 (9th Cir. 2000); *see also United States v. Arvizu*, 534 U.S. 266, 273 (2002). In the Incident Report, Trooper Chamberlin Neff reports that he pulled over Kash's Ford Fusion because it was following too closely to a gray Jeep. ECF No. 242 at 3-4. Kash asserts that he was not following the Jeep too closely, and that he was actually traveling in front of the Jeep the entire time. ECF No. 249. The dashboard camera video footage does not show the reported traffic violation.

The court will allow a short evidentiary hearing before trial for the limited purpose of allowing Kash to test his theory that the May 2, 2012 traffic stop was not based on a reasonable suspicion of wrongful conduct. The United States is ordered to produce Trooper Neff at the hearing. The court is prepared to allow up to thirty minutes for Kash to cross-examine Trooper Neff. If, after the hearing, the court concludes that Trooper Neff had a reasonable suspicion for suspecting Kash had committed a traffic violation, the court anticipates denying Kash's Motion to Suppress.

IT IS SO ORDERED.

DATED: November 3, 2015.

_____
UNITED STATES DISTRICT JUDGE