UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:13-CR-0330 KJM |
| Plaintiff, | |
| v. | FINAL JURY INSTRUCTIONS |
| JOHN JAMES KASH, | |
| Defendant. | |

DATED:  November 17, 2015.

_____
UNITED STATES DISTRICT JUDGE

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. 2

The Indictment is not evidence.  The defendant has plead not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.

INSTRUCTION NO. 3

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

INSTRUCTION NO. 4

Because of the presumption of innocence, a defendant does not have to prove innocence. The burden of proof is always on the government and never shifts to the defendant.

The burden on the government is to prove every element of the charges beyond a reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant not guilty.  However, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant guilty.

INSTRUCTION NO. 5

The defendant in this case has a constitutional right to represent himself. The fact that the defendant has chosen to represent himself may not influence your decision one way or another on the issues you will be asked to decide in this case. Moreover, you may not draw any inference of any kind from the fact that the defendant has chosen to represent himself.

INSTRUCTION NO. 6

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

INSTRUCTION NO. 7

The evidence you are to consider in deciding what the facts are consists of:

       (1) the sworn testimony of any witness;

       (2) the exhibits received into evidence; and

       (3) any facts to which the parties have agreed.

INSTRUCTION NO. 8

In reaching your verdict you may consider only the testimony and exhibits received into evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers and Mr. Kash are not evidence. The lawyers and Mr. Kash are not witnesses. Although you must consider a lawyer's and Mr. Kash's questions to understand the answers of a witness, the questions are not evidence. Similarly, what the lawyers and Mr. Kash have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers and Mr. Kash state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

4. Mr. Kash's custody status is wholly irrelevant to your decision. Whether a defendant is in custody or not depends on a variety of factors that have nothing to do with this trial. You must completely disregard this circumstance in deciding the issues in this case. Do not consider it for any purpose or discuss it during your deliberations.

INSTRUCTION NO. 9

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

INSTRUCTION NO. 10

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you could find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 11

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   the witness's opportunity and ability to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case, if any;

5.   the witness's bias or prejudice, if any;

6.   whether other evidence contradicted the witness's testimony;

7.   the reasonableness of the witness's testimony in light of all the evidence; and

8.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves. You are here only to determine whether the defendant is guilty or not guilty of the charges in the Indictment. The defendant is not on trial for any conduct or offense not charged in the Indictment.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 12

You have heard testimony from Roy Keller and Richard Adams who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinions, and all the other evidence in the case.

INSTRUCTION NO. 13

You heard testimony about Trooper Edward Walker's percipient observations and actions during certain events in this case.  That testimony must be carefully distinguished from the expert testimony you heard from Trooper Walker.

You, the jury, are the ultimate finders of fact.  You should not give additional weight to Trooper Walker's testimony as a percipient witness simply because he was also testifying as an expert.

INSTRUCTION NO. 14

You have heard testimony from Teresa Gola, a witness who admitted being an accomplice to the crime charged.  An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.  Ms. Gola received a form of immunity.  Ms. Gola provided information to the government in exchange for a promise by the government that the information she provided would not be used in developing a case against her.

For these reasons, in evaluating the testimony of Ms. Gola, you should consider the extent to which or whether her testimony may have been influenced by these factors.  In addition, you should examine the testimony of Ms. Gola with greater caution than that of other witnesses.

INSTRUCTION NO. 15

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION NO. 16

      The defendant is charged in Count One of the Indictment with Conspiracy to Distribute and to Possess With Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1); in Count Two with Manufacture of Marijuana, in violation of 21 U.S.C. § 841(a)(1); and in Count Five with Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h).

INSTRUCTION NO. 17

The defendant is charged in Count One of the Indictment with conspiracy to distribute marijuana and to possess marijuana with the intent to distribute marijuana in violation of Section 841(a) and Section 846 of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about August 2010 and ending on or about September 17, 2013, there was an agreement between two or more persons to distribute marijuana or possess marijuana with the intent to distribute marijuana; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of marijuana to another person, with or without any financial interest in that transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit a crime as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person

18

does not become a conspirator merely by associating with one or persons who are conspirators, nor merely by knowing that a conspiracy exists.

INSTRUCTION NO. 18

If you find the defendant guilty of the charge in Count One of the indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of marijuana equaled or exceeded 100 kilograms.  One kilogram equals 2.20 pounds.  Your determination of weight must not include the weight of any packaging material.  Your decision as to weight must be unanimous.

The government does not have to prove that the defendant knew the quantity of marijuana.

INSTRUCTION NO. 19

The defendant is charged in Count Two of the indictment with manufacture of marijuana in violation of Section 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly manufactured marijuana; and

Second, the defendant knew that it was marijuana or some other prohibited drug.

The term "manufacture" means the planting, cultivation, growing, and/or harvesting of marijuana.

The government is not required to prove the amount or quantity of marijuana.  It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of marijuana.

INSTRUCTION NO. 20

If you find the defendant guilty of the charge in Count Two of the indictment, you are then to determine whether the government proved beyond a reasonable doubt that the number of marijuana plants equaled or exceeded 100 plants.  Your decision as to the number of marijuana plants must be unanimous.

The government does not have to prove that the defendant knew the number of marijuana plants.

INSTRUCTION NO. 21

This case is governed exclusively by federal law. Under federal law, marijuana is a Schedule I controlled substance and, therefore, federal law prohibits the possession, distribution, or growing of marijuana for any purpose.  Any state laws that you may be aware of concerning the legality of marijuana in certain circumstances may not impact your decisions in this case.  For example, you should not consider any references to the medical use of marijuana, as they have no relevance to the charges in this case.

INSTRUCTION NO. 22

A good faith belief that one's conduct was lawful is not a defense to the crimes charged in Count One and Count Two of the indictment.

INSTRUCTION NO. 23

The defendant is charged in Count Five of the Indictment with conspiracy to launder monetary instruments in violation of Section 1956(h) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant agreed with one or more co-conspirators to knowingly conduct a financial transaction;

Second, the transaction involved money that defendant knew to be the proceeds of some form of unlawful activity;

Third, money involved was in fact the proceeds of a "specified unlawful activity"; and

Fourth, the defendant knew the transactions to be designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of such unlawful activity.

"Specified unlawful activity" includes conspiracy to distribute marijuana (as charged in Count One) and manufacturing marijuana (as charged in Count Two).

INSTRUCTION NO. 24

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

INSTRUCTION NO. 25

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 26

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.  Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

INSTRUCTION NO. 27

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 28

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 29

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

INSTRUCTION NO. 30

If it becomes necessary during your deliberations to communicate with me, you may send a note through the security officer, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.