UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN JAMES KASH,<br><br>Defendant. | No. 2:13-CR-00330-KJM<br><br><br><br>ORDER |

Before the court are defendant John James Kash's renewed motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29, ECF No. 306, and motion to arrest judgment under Rule 34, ECF No. 307. The government opposes both motions. ECF Nos. 312, 313. As explained below, the court DENIES Mr. Kash's motion for a judgment of acquittal and motion to arrest judgment.

I. BACKGROUND

On October 6, 2015, defendant John James Kash, proceeding pro se, moved to dismiss the indictment for lack of subject matter jurisdiction and improper venue. ECF No. 233. Mr. Kash argued the court lacked jurisdiction because the alleged offenses occurred on private property, rather than on federal territory or property acquired for federal use. *See id.*; *see also* ECF No. 244. He argued venue was improper because the offenses were allegedly committed "within the union state of Pennsylvania." ECF No. 233, at 10. At the motion hearing on October 28, 2015, the court denied Mr. Kash's motion to dismiss from the bench. The court rejected Mr.

1

Kash's territorial jurisdiction argument as meritless, because Mr. Kash was charged under federal laws, and 18 U.S.C. § 3231 provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." [1] *See* ECF No. 286, at 6; *cf. United States v. McCalla*, 545 F.3d 750, 756 (9th Cir. 2008) ("[T]he argument that federal courts are without jurisdiction over matters that do not occur exclusively in federal territory . . . is wholly without merit."). The court concluded that venue is proper under 18 U.S.C. § 3237(a), because the defendant allegedly manufactured marijuana and withdrew cash from a credit union in this district. ECF No. 286, at 6–7; *see* § 3237(a) (providing that any offense committed in more than one district may be prosecuted "in any district in which such offense was begun, continued, or completed").

On November 17, 2015, before commencing the fifth day of trial, Mr. Kash moved for reconsideration of the court's order denying his motion to dismiss, ECF No. 300. The court denied his motion for reconsideration from the bench, finding the court had Article III jurisdiction over the case because the charges arose under laws passed by Congress. After the government closed its evidence on November 17, 2015, Mr. Kash moved for a judgment of acquittal based on Federal Rule of Criminal Procedure 29. When asked the basis of his motion, Mr. Kash stated the government had not proven jurisdiction. The court denied Mr. Kash's motion for a judgment of acquittal, because the court had found jurisdiction. On November 18, 2015, the jury convicted Mr. Kash of conspiracy to distribute and to possess with intent to distribute at least 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 & 841(a)(1); manufacture of at least 100 marijuana plants, in violation of 21 U.S.C. § 841(a)(1); and conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). ECF No. 302. On December 2, 2015, Mr. Kash renewed his motion for a judgment of acquittal under Rule 29, ECF No. 306, and moved to arrest judgment under Rule 34, ECF No. 307.

---

[1] The court cited 18 U.S.C § 3237 for this proposition, but intended to cite § 3231.

## II. DISCUSSION

Rule 29 of the Federal Rules of Criminal Procedure allows a defendant to move for a judgment of acquittal "of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a); *see id.* 29(c). A defendant must bring or renew a motion for judgment of acquittal within 14 days after a guilty verdict. *See id.* 29(c)(1). Rule 34 provides "the court must arrest judgment if the court does not have jurisdiction of the charged offense." *Id.* 34(a). A defendant must bring a motion to arrest judgment within 14 days after the court accepts a verdict. *See id.* 34(b).

The court accepted the jury's guilty verdict on November 18, 2015. Both of Mr. Kash's motions are timely. In his motion for judgment of acquittal, Mr. Kash does not allege the evidence was insufficient to find the essential elements of the offenses beyond a reasonable doubt. Rather, Mr. Kash bases each of his motions on the argument that the court lacks subject matter jurisdiction because the offense primarily took place on private property, rather than on federal territory or land acquired for federal use. *See* ECF Nos. 306, 307. Mr. Kash also appears to argue venue is improper because no alleged offense occurred "within the Eastern District of California." *See* ECF No. 306, at 2. The court previously rejected these same arguments in denying Mr. Kash's motions to dismiss and for reconsideration, and initial motion for judgment of acquittal. Mr. Kash provides no basis for reconsidering the court's previous conclusion. For the reasons previously articulated, the court again finds it has subject matter jurisdiction under § 3231 and that venue is proper under § 3237. Accordingly, Mr. Kash's renewed motion for a judgment of acquittal (ECF No. 306) and motion to arrest judgment (ECF No. 307) are DENIED.

Given the number of times Mr. Kash has raised essentially the same argument, albeit in different forms, the court hereby advises him that future filings making the same argument will be disregarded.

IT IS SO ORDERED.

DATED: December 28, 2015.

_____
UNITED STATES DISTRICT JUDGE